**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5189**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTWON CHANEY,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Beaufort. Sol Blatt, Jr., Senior District Judge. (9:10-cr-00552-SB-2)

Submitted: July 25, 2012        Decided: September 6, 2012

Before DIAZ and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Douglas H. Westbrook, Charleston, South Carolina, for Appellant. William N. Nettles, United States Attorney, Columbia, South Carolina, Alston Badger, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Antwon Chaney pled guilty to conspiracy to possess with intent to distribute marijuana, 21 U.S.C. §§ 841(a)(1) and 846, and conspiracy to use a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(o), in the United States District Court for the District of South Carolina. On appeal, he challenges his sentence, on numerous fronts. We affirm.

I

The factual basis supporting Chaney's plea is as follows. On August 20, 2008, Chaney, Johnnie Lee Henderson, Dwayne Major, Medicus Watson, Jr., Jaron Woods, Marquel Chaney, and Mack Washington decided to rob Joshua Tiger, a drug dealer in Beaufort County, South Carolina. The robbery plan involved two parts. The first part called for at least two conspirators to travel by car to Tiger's residence to purchase marijuana in order to determine the number of individuals present in Tiger's residence. These conspirators would then contact the other conspirators in a separate car who would drive to Tiger's residence and commit the robbery.

Around 9:30 p.m., the robbery plan went into action. Woods, Henderson, and Marquel Chaney drove to Tiger's residence. Henderson and Woods entered the residence, purchased five to ten

- 2 -

dollars' worth of marijuana, and noted that only Tiger and his roommate, Kevin Shipper, were present in the residence. Shortly after leaving, Henderson phoned the second car containing Chaney, Watson, Major, and possibly Washington and advised them that Tiger had marijuana and only Tiger and his roommate were in the home.

Chaney, Watson, Major, and another individual (possibly Washington) then drove to Tiger's residence. Chaney and another occupant of the car who has not been identified approached the entrance. Upon entering the residence, one conspirator struck Shipper on the head with a pistol and held him at gun point while he lay on the floor. At the same time, another conspirator approached Tiger and began to struggle with him over a gun. This struggle resulted in a contact gunshot wound to Tiger's chest that ultimately proved fatal. In total, the conspirators recovered approximately five ounces of marijuana and a .9 millimeter pistol belonging to Tiger.

On May 12, 2010, Chaney, Henderson, Watson, Major, and Washington were charged in a six-count indictment. Pursuant to a plea agreement, Chaney pled guilty to conspiracy to possess with intent to distribute marijuana, 21 U.S.C. §§ 841(a)(1) and 846, and conspiracy to use a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(o).

In preparation for sentencing, a United States Probation Officer prepared a presentence investigation report. In the report, the probation officer determined that Chaney was the triggerman in Tiger's death. For Chaney's drug offense, the probation officer set Chaney's base offense level at 6, pursuant to United States Sentencing Commission Guidelines Manual (USSG) § 2D1.1(c)(17) (less than 250 grams of marijuana). The base offense level was: (1) increased by two levels because a dangerous weapon was used during the crime, USSG § 2D1.1(b)(1); and (2) increased by two levels because violence was used during the commission of the crime, USSG § 2D1.1(b)(2). Because one of the victims was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 had such a killing taken place within the territorial or maritime jurisdiction of the United States, the probation officer applied USSG § 2A1.1 (first-degree murder) through the USSG § 2D1.1(d)(1) cross-reference, which raised the offense level to 43. Chaney received a three-level reduction for acceptance of responsibility, USSG § 3E1.1, which resulted in a total offense level of 40. With a total offense level of 40 and a criminal history category of I, Chaney's sentencing range for the drug offense was 292 to 365 months' imprisonment.

For Chaney's firearms offense, the probation officer set the base offense level at 12, USSG § 2K2.1(a)(7). The base

offense level was: (1) increased by two levels because the offense involved the use of three to seven firearms, USSG § 2K2.1(b)(1)(A); and (2) increased by four levels because Chaney used or possessed a firearm in connection with another felony offense (robbery), USSG § 2K2.1(b)(6). Finally, because Chaney used a firearm in connection with the commission of another offense which resulted in death, the probation officer applied USSG § 2A1.1 through the USSG § 2K2.1(c)(1)(B) cross-reference, which raised the offense level to 43. The adjusted offense level was reduced by three levels for acceptance of responsibility, USSG § 3E1.1, bringing Chaney's total offense level to 40. With a total offense level of 40 and a criminal history category of I, Chaney's sentencing range for the firearms offense was 292 to 365 months' imprisonment.

Because 365 months' imprisonment exceeded the statutory maximum for Chaney's offenses, Chaney's offenses were stacked pursuant to USSG § 5G1.2(d).[1] Such stacking produced a sentencing range of 292 to 300 months' imprisonment.

At sentencing, the district court addressed Chaney's numerous objections to the probation officer's sentencing recommendations. In particular, the district court addressed

---

[1] The statutory maximum for Chaney's marijuana offense is five years, 21 U.S.C. § 841(b)(1)(D), while such maximum is twenty years for the firearms offense, 21 U.S.C. § 924(o).

Chaney's objection to the probation officer's application of USSG § 2A1.1 through the two cross-references. Watson, Major, and Henderson testified that Chaney shot Tiger. Watson testified that Chaney recounted the events that occurred inside Tiger's residence and that Chaney admitted to shooting Tiger. When asked if Chaney said anything upon leaving Tiger's residence, Major testified Chaney stated "I had to shoot that mother f---er, I shot that mother f---er, I shot that bitch." (J.A. 145). Henderson testified that when Chaney returned to the car after leaving Tiger's residence, Chaney stated he thought he had killed Tiger. Based on this and other evidence, the district court found that Chaney shot Tiger during a robbery that he had conspired to commit. The district court further found that Chaney "killed Joshua Tiger with malice aforethought, because [his conduct] was so reckless and wanton . . . that he had to know that a serious risk of harm would result." (J.A. 246). Consequently, the district court applied USSG § 2A1.1 through the cross-references. At the conclusion of the hearing, the district court sentenced Chaney to a total of 300 months' imprisonment. Chaney filed a timely notice of appeal.

## II

Chaney challenges his sentence on numerous fronts. We shall address these challenges in turn.

First, Chaney contends the district court erred when it found that he shot Tiger. Our review of the district court's factual findings at sentencing is for clear error. United States v. Mehta, 594 F.3d 277, 281 (4th Cir.), cert. denied, 131 S. Ct. 279 (2010). In this case, there was no clear error. Watson, Major, and Henderson all testified that Chaney shot Tiger. The district court found the testimony of these witnesses credible and we are in no position to disturb such a credibility finding. See United States v. McKenzie–Gude, 671 F.3d 452, 463 (4th Cir. 2011) (noting the great deference afforded the district court's credibility determinations at sentencing); United States v. Crump, 120 F.3d 462, 468 (4th Cir. 1997) ("If the court's findings may rationally be said to be supported by a preponderance of the evidence, they may not be disturbed on appeal.").

Second, Chaney challenges the district court's decision to cross-reference to USSG § 2A1.1. We review the district court's application of the Sentencing Guidelines de novo. United States v. Parsons, 109 F.3d 1002, 1004 (4th Cir. 1997).

Under USSG § 2D1.1, "[i]f a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 had such killing taken place within the territorial or maritime jurisdiction of the United States, [a district court should] apply § 2A1.1 (First Degree Murder)." USSG

§ 2D1.1(d)(1).  Likewise, under USSG § 2K2.1, if the defendant used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense, and if death resulted, the district court must apply "the most analogous offense guideline from Chapter Two, Part A, Subpart 1 (Homicide), if the resulting offense level is greater than that determined above."  USSG § 2K2.1(c)(1)(B).

In this case, the district court correctly applied the First-Degree Murder Guideline, USSG § 2A1.1.  Section 1111 of Title 18 defines murder as the unlawful killing of a human being with malice aforethought.  It further provides, in relevant part:

> Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any . . . robbery . . . , is murder in the first degree.
>
> Any other murder is murder in the second degree.

18 U.S.C. § 1111.

First-degree premeditated murder requires a showing of premeditation in addition to proof of malice.  United States v. Williams, 342 F.3d 350, 356 (4th Cir. 2003).  First-degree felony murder, or a killing committed in the perpetration of certain felonies, including robbery, does not require proof of premeditation.  Id.  Second-degree murder requires only a showing of malice.  Id.

Each of these types of murder requires a showing of malice aforethought. Whether malice is present in a given case "must be inferred by the jury from the whole facts and circumstances surrounding the killing." United States v. Fleming, 739 F.2d 945, 947 (4th Cir. 1984). To prove malice, the government does not have to show an intent to kill or injure. Id. Rather, malice aforethought "may be established by evidence of conduct which is reckless and wanton and a gross deviation from a reasonable standard of care, of such a nature that a jury is warranted in inferring that defendant was aware of a serious risk of death or serious bodily harm." Id. at 947-48 (citation and internal quotation marks omitted).

In this case, it cannot be disputed that Chaney's conduct constituted first-degree felony-murder. After all, the murder of Tiger occurred during a robbery. In the face of first-degree felony murder, Chaney challenges the district court's finding that he acted with malice aforethought. Unfortunately for Chaney, based on the evidence before it, the district court was at liberty to find that he acted with malice aforethought. Chaney conspired with others to rob Tiger and chose to enter his residence with a loaded gun. Such conduct "is reckless and wanton and a gross deviation from a reasonable standard of care," such that the district court was "warranted in inferring that [Chaney] was aware of a serious risk of death or serious

- 9 -

bodily harm." Id. at 947-48 (citation and internal quotation marks omitted). As the district court found,

> I think the only possible conclusion that anybody with any reason and common sense could reach from all the testimony, is that the defendant Chaney . . . went into that house with a loaded pistol to commit robbery, and that it--nobody with any kind of intelligence or any kind of--I mean, a first grader would almost realize that if you . . . went into a person's house at night with a loaded gun to rob him, it's the only reasonable conclusion, . . . that any person could reach but that Mr. Chaney knew that a serious risk of harm, based on that type of reckless conduct and wanton reckless conduct, that there was a serious [risk]--he knew that, had to know that. No way he could not know that.

(J.A. 245-46). In sum, we find no merit to Chaney's challenge to the district court's decision to cross-reference to USSG § 2A1.1.

Third, Chaney challenges the district court's refusal to depart downward from the Sentencing Guidelines range. We lack the authority to review a district court's denial of a downward departure unless the district court failed to understand its authority to do so. United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008). Our review of the record discloses that the district court did not fail to recognize its authority to depart. Thus, Chaney's claim is not reviewable on appeal.

Finally, Chaney argues that the district court failed to properly consider the factors set forth in 18 U.S.C. 3553(a). In explaining its sentencing decision, a district court is not

required to "discuss each factor set forth in § 3553(a) in checklist fashion"; rather, "it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less." United States v. Moreland, 437 F.3d 424, 432-33 (4th Cir. 2006) (citation and internal quotation marks omitted). Here, the district court correctly established the Sentencing Guidelines range and gave a thorough explanation why it imposed the sentence it chose.

For the reasons stated herein, the judgment of the district court is affirmed.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2] Chaney also raises a claim under Pinkerton v. United States, 328 U.S. 640 (1946). We reject this claim for the simple reason that it is premised on the fact that he did not shoot Tiger, a fact the district court understandably did not find.

- 11 -